NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2021 VT 29

No. 2020-168

| | |
|---|---|
| Becky A. Baldauf and Estate of Ronald Baldauf | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Caledonia Unit, |
| | Civil Division |
| | |
| Vermont State Treasurer et al. | October Term, 2020 |

Mary Miles Teachout, J.

Deborah T. Bucknam of Bucknam Law PC, Walden, for Plaintiffs-Appellants.

Thomas S. Donovan, Jr., Attorney General, and Timothy M. Duggan and Justin E. Kolber, Assistant Attorneys General, Montpelier, for Defendant-Appellee.


PRESENT: Reiber, C.J., Robinson, Eaton, Carroll and Cohen, JJ.


¶ 1. **CARROLL, J.** Wife, in both her personal capacity and as administrator of her deceased husband's estate, appeals the superior court's order dismissing her claims against the Vermont State Treasurer and the Vermont State Employees' Retirement System (VSERS) (collectively, the State). Wife argues that she is entitled to receive a retirement allowance on account of her husband's death while in active service under 3 V.S.A. § 465. She also argues that the State failed to adequately inform husband about his retirement allowance before his death, and accordingly, husband's estate is entitled to relief under breach of contract, breach of fiduciary duty, and negligent misrepresentation theories. We conclude that wife failed to state claims for which relief can be granted and affirm.

¶ 2. The following facts appear on the face of wife's complaint, including external documents incorporated therein. The State hired husband in 2001 and he became a VSERS Group F member at that time. Shortly thereafter, he received a Certificate of Membership with an enclosed beneficiary-designation form. The Certificate stated in part:

> We urge you to read the enclosed general information handbook carefully. It explains all the benefits and forms of protection provided by the system.
>
> A form is enclosed for you to designate the beneficiary of your retirement account. Please do not neglect this as your growing account could provide very substantial survivorship protection. If you fail to designate a beneficiary, your retirement account would become part of your estate. Please return the notarized form to the address below.

Husband never designated a dependent beneficiary.

¶ 3. Each year, husband received an annual statement from VSERS. The statement provided general information regarding certain benefits, summarized husband's data in the system, and estimated husband's current benefits in the event of disability, retirement, or death. The statement reflected that husband's primary beneficiary was his estate. A notation to this data explained that "[i]f no designation has been filed, 'Estate' is the default designation." In the paragraph discussing the monthly retirement allowance, the statement explained that "[n]o death benefit is payable if your dependent beneficiary is not your named beneficiary." Under "Death," the statement reflected that husband's designated dependent beneficiary would receive "$0.00 a month for life payable from the System."

¶ 4. After seventeen years as a State employee, husband died unexpectedly of a heart attack on his way to work. He was survived by wife and their four children. Wife opened a probate estate and was appointed as the estate's administrator. Because husband failed to designate a dependent beneficiary to receive the retirement allowance, the Retirement Division of the Treasurer's Office directed husband's accumulated contributions to VSERS to be paid to his estate

under 3 V.S.A. § 465(b). Wife sought to receive the retirement allowance instead and appealed to the VSERS Board, which affirmed the Retirement Division's decision.[1]

¶ 5.    Wife then filed suit in Caledonia superior court. She asked for declaratory relief establishing that either she or husband's estate was entitled to the retirement allowance under 3 V.S.A. § 465. Additionally, she brought claims alleging breach of contract, breach of fiduciary duty, and negligent misrepresentation on behalf of husband's estate.[2]

¶ 6.    The superior court granted the State's motion to dismiss wife's complaint. As to the statutory claim, the court found that wife was not personally entitled to the retirement allowance because husband never designated her as a beneficiary, and the estate was not entitled to the benefit because an estate cannot be designated as a dependent beneficiary under 3 V.S.A. § 465. The court concluded that wife lacked standing and therefore dismissed the claim for lack of subject matter jurisdiction. Alternatively, it found that she failed to state a claim for which relief could be granted. As to the breach-of-contract claim, the court found no facts showing that the State breached an employment contract with husband or acted in bad faith. As to the negligent misrepresentation and breach-of-fiduciary-duty claims, the court found that sovereign immunity barred these claims. Accordingly, the court dismissed all of wife's claims.

¶ 7.    On appeal, wife argues that 3 V.S.A. § 465 is ambiguous and we should construe the statute to establish that either she or husband's estate is entitled to receive the retirement allowance. She also argues, under multiple common-law theories, that the State failed to

---

[1] As the trial court noted, "[t]he Board described it as an appeal, although it appears that there was no administrative procedure under the Administrative Procedures Act and the VSERS Board simply reviewed the Retirement Division's decision."

[2] Wife also brought claims alleging that the State's interpretation of § 465 violated the Common Benefits Clause of the Vermont Constitution, breach of contract as a third-party beneficiary, and that the State denied husband's property rights in violation of 42 U.S.C. § 1983. Wife does not pursue those claims on appeal.

3

adequately inform husband that his benefits had vested and that he had not designated a beneficiary.

¶ 8. "We review motions to dismiss de novo." Deutsche Bank v. Pinette, 2016 VT 71, ¶ 9, 202 Vt. 328, 149 A.3d 479. Under Vermont Rule of Civil Procedure 12(b)(6), we "assume that the facts pleaded in the complaint are true and make all reasonable inferences in the plaintiff's favor," and will conclude that a party fails to state a claim "only when it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Montague v. Hundred Acre Homestead, LLC, 2019 VT 16, ¶ 10, 209 Vt. 514, 208 A.3d 609 (quotation omitted) (alteration omitted). As discussed below, we conclude that dismissal was appropriate here.[3]

I. Statutory Interpretation of 3 V.S.A. § 465

¶ 9. We begin with a brief overview of the state retirement plan. VSERS provides retirement benefits for State employees and their beneficiaries. Both employees and the State contribute to the system, and qualifying members receive certain retirement benefits. VSERS is overseen by a Board of Trustees, and the plan is administered under Chapter 16 of Title 3 of the Vermont Statutes Annotated. VSERS holds all funds in trust and is required to manage the plan for the exclusive benefit of members and their beneficiaries in accordance with federal law. 3 V.S.A. §§ 456, 472a.

¶ 10. Chapter 16 divides State employees into membership groups based on their employment and the date at which they became a member of the system. See id. § 455(a)(11) (defining group membership). Group F is the largest membership group and includes any

---

[3] The trial court dismissed wife's statutory claims on two alternative bases: lack of standing—and therefore lack of subject matter jurisdiction—and failure to state a claim upon which relief can be granted. Because we agree that wife failed to state a claim under 3 V.S.A. § 465, we do not address standing except to note that she had a colorable claim to establish standing. See Wool v. Office of Prof'l Regulation, 2020 VT 44, ¶ 11, __ Vt. __, 236 A.3d 1250 (explaining that standing may exist even when a claim has no merit).

employee who became a member of the system on or after January 1, 1991.[4] Id. § 455(a)(11)(E). Once a Group F member completes a certain number of years of service and retires, the member is eligible to receive a retirement allowance. Id. § 459. Group F members may select a dependent beneficiary to receive the retirement allowance if the member dies prior to retirement. Id. § 465(c).

¶ 11. This case asks us to decide whether a spouse of a Group F member is entitled to receive a retirement allowance under § 465 if the member did not designate a dependent beneficiary or, alternatively, if the member's estate can receive the allowance as a beneficiary by default. In construing a statute, our goal is to effectuate the intent of the Legislature, and we look first to the plain meaning of the language used. Northfield Sch. Bd. v. Wash. S. Educ. Ass'n, 2019 VT 26, ¶ 13, 210 Vt. 15, 210 A.3d 460.

¶ 12. The statute provides, in relevant part:

> (b)(1) Upon the death of a member in service who has not reached his or her normal retirement date and who has not completed 10 years of creditable service . . . the member's accumulated contributions shall be paid to such person as he or she shall have designated for such purpose in a writing duly acknowledged and filed with the Board. In the absence of a written designation of beneficiary or in the event the designated beneficiary is deceased, the return of accumulated contributions with interest payable as a result of the death of the member prior to retirement shall be payable [to the member's estate or certain other parties, depending on whether there is an open estate and the value of the account.]
>
> . . . .
>
> (c) If a Group A, Group D, or Group F member dies in service after becoming eligible for early retirement or after completing 10 years of creditable service, a retirement allowance will be payable to the member's designated dependent beneficiary during his or her life. If the designated dependent beneficiary so elects, however, the return of the member's accumulated contributions shall be made in lieu thereof.
>
> (d) If a Group C member dies in service after reaching his or her normal retirement date or after completing 10 years of creditable service, a retirement allowance will be payable to . . . [listing

---

[4] Groups A, B, and E are closed groups. Group C includes law enforcement officers and firefighters. Id. § 455(a)(11)(C). Group D includes judges. Id. § 455(a)(11)(D).

individuals who receive retirement allowance by default, beginning with dependent spouse].

(e) Unless the designated dependent beneficiary elects to receive payment of a deceased member's accumulated contributions as provided under subsection (c) of this section, the retirement allowance payable to the designated dependent beneficiary of a deceased Group A, Group D, or Group F member under this section shall be equal to . . . [calculating benefit]. If the deceased member has no eligible dependent beneficiary, the member's accumulated contributions shall be payable in accordance with the provisions of subsection (b) of this section.

3 V.S.A. § 465(b)-(e).

¶ 13. Wife argues that § 465 is ambiguous because the statute does not define the terms "designated," "dependent," or "eligible." She urges us to construe § 465(e) to mean that a Group F member's accumulated contributions are paid out in place of the retirement allowance only if the member has no dependent beneficiaries at all, without regard to whether the member designated a dependent beneficiary to receive the retirement allowance. Under this proposed construction, she contends that she is eligible and should receive the retirement allowance.

¶ 14. Alternatively, wife argues that husband's estate was his designated beneficiary and is entitled to the retirement allowance. She acknowledges that husband's estate was his beneficiary by default but argues that the statute is ambiguous because it does not define the term "designated." She asks us to construe the statute to mean that husband's estate could be, and was in this case, his designated dependent beneficiary by default.

¶ 15. We conclude that the plain language of § 465 is unambiguous. If a Group F member dies in service, § 465 provides a method for distributing either the member's retirement allowance or the member's accumulated contributions. Under § 465(c), if the retirement allowance has vested, meaning that the member has completed ten years of creditable service, the allowance becomes payable to the member's designated dependent beneficiary for his or her lifetime, unless the beneficiary chooses to receive the member's accumulated contributions instead. Section 465(e) calculates the amount of this benefit and provides that if the member has

6

"no eligible dependent beneficiary," VSERS must pay the member's accumulated contributions in accordance with § 465(b). That section provides a default distribution scheme for the accumulated contributions "in the absence of a written designation of beneficiary," beginning with the member's estate. Id. § 465(b)(1).

¶ 16. Thus, to receive a deceased member's retirement allowance under § 465(c), a beneficiary must be both designated and dependent. The statute does not define either term, so we look to dictionary definitions. State v. Blake, 2017 VT 68, ¶ 11, 205 Vt. 265, 174 A.3d 126. "Designate" means "[t]o choose (someone or something) for a particular job or purpose" and is commonly understood to require an affirmative act of selection. Designate, Black's Law Dictionary (11th ed. 2019). A "dependent" is "[s]omeone who relies on another for support" or "one not able to exist or sustain oneself without the power or aid of someone else." Dependent, Black's Law Dictionary (11th ed. 2019). Accordingly, the plain meaning of § 465(c) requires Group F members to affirmatively select a beneficiary, and the only persons who may be selected are those whom the member supports.

¶ 17. Under the plain language of the statute, neither wife nor husband's estate is entitled to receive a retirement allowance. It is undisputed that husband did not designate wife as his beneficiary during his life. The plain language also precludes a Group F member from designating an estate as a dependent beneficiary.[5] An estate is not a person who relies on another's support

---

[5] Wife argues that the State created ambiguity on the retirement website by stating that "[y]ou may choose any person or your estate as your beneficiary." Vt. Office of State Treasurer, VSERS Group F Plan Description, Beneficiary Designation, https://www.vermonttreasurer.gov /content/retirement/vsers-plans/group-f#Beneficiary%20Designation [https://perma.cc/3UZW-W23G]. However, the website does not create ambiguity in an otherwise clear statute. To the extent that she argues that the Treasurer has interpreted the statute to mean that an estate may be designated as a dependent beneficiary by default and we must defer to that interpretation, other language on the website belies this conclusion. Immediately preceding the allegedly ambiguous language, the website explains that "[a] beneficiary(ies) is the person(s) to whom you want your accumulated contributions plus interest to be refunded and/or any available death benefits to be paid if you die before retirement. However, a death-in-service benefit is only payable to your designated dependent beneficiary." Id. Read in accordance with 3 V.S.A. § 465, the website

for a living, so an estate cannot qualify as a "dependent" under the statute.  This conclusion is reinforced by other language in § 465(c), which provides that a designated dependent beneficiary will receive the retirement allowance "during his or her life."  As the trial court acknowledged, "[s]uch language is inapplicable to an estate, which is not a person with a lifespan."  Because neither wife nor the estate was a designated dependent beneficiary, the statute does not entitle either to receive the retirement allowance.

¶ 18.    Wife maintains that the statute is ambiguous because it uses the phrase "designated dependent beneficiary" except in the last sentence of § 465(e), where it uses the phrase "eligible dependent beneficiary."  She argues that this case is like Duhaime v. Treasurer, where we held that a term in the retirement statute was vague and construed the statute "liberally in favor of the beneficiaries."  161 Vt. 157, 160, 636 A.2d 754, 756 (1993).  She asks us to construe § 465(e) to mean that the retirement allowance is lost only if the member dies without an "eligible dependent beneficiary," which she defines as a person whom the member could have designated as a dependent beneficiary.  Under this proposed construction, she contends that she should receive the retirement allowance because husband could have designated her as his dependent beneficiary.  Although their children were also "eligible" under this definition, she argues that her claim to the benefit is superior because of the unique legal status afforded to a married couple.

¶ 19.    Even if we were to find this language ambiguous for the reasons suggested by wife, we disagree with her proposed construction of § 465(e) because it conflicts with the statute as a whole.  In general, we presume that the Legislature chooses statutory language intentionally, so different words carry different meanings.  See Vt. Nat'l Telephone Co. v. Dep't of Taxes, 2020 VT 83, ¶¶ 26-27, __ Vt. __, __ A.3d __.  However, "[w]e will not interpret a single word or phrase in isolation from the entire statutory scheme."  Blake, 2017 VT 68, ¶ 9.  Instead, we read and

instructions require a Group F member to select a dependent beneficiary for that person to receive the retirement allowance.

8

construe together subsections of a statute that were "drafted as part of an overall statutory scheme." T. Copeland & Sons, Inc. v. Kansa Gen. Ins. Co., 171 Vt. 189, 193-94, 762 A.2d 471, 473-74 (2000) (holding that Legislature intended broader use of certain language based on context of entire statute). If the plain language of a statute is ambiguous, "we look to the general context of the statutory language, the subject matter, and the effects and consequences of our interpretation." Shea v. Metcalf, 167 Vt. 494, 498, 712 A.2d 887, 889 (1998). "We consider the whole and every part of the statute and avoid a construction that would render part of the statutory language superfluous." In re Mountain Top Inn & Resort, 2020 VT 57, ¶ 37,__ Vt. __, 238 A.3d 637 (citation omitted) (quotations omitted).

¶ 20.   The phrase "eligible dependent beneficiary" in the last sentence of § 465(e) appears to be ambiguous in isolation because that phrase is not used elsewhere in § 465. However, when viewed in context, the phrase "eligible dependent beneficiary" clearly refers to "designated" beneficiaries of Group A, D, and F members in this instance and statutorily identified surviving dependents for Group C members. Section 465(b) explains that if a member dies in service and the retirement allowance has not vested, the member's accumulated contributions are paid to the member's "designated beneficiary." "In the absence of a written designation of beneficiary or in the event the designated beneficiary is deceased," the contributions are paid out under a default distribution scheme. 3 V.S.A. § 465(b)(1). Section 465(c) provides that once a Group A, D, or F member has completed ten years of service and the retirement allowance vests, the benefit becomes payable to the member's "designated dependent beneficiary." Section 465(d) applies only to Group C members and establishes the dependent beneficiaries by statute. Section 465(e) calculates the amount of the benefit for members in Groups A, D, and F, and provides generically, without limitation to any particular group, that if the member dies without an "eligible dependent beneficiary," the member's accumulated contributions are payable in accordance with § 465(b). Because this provision is not limited to Groups A, D, and F, but applies also to Group C, in which

9

entitlement to the retirement allowance is established by statute rather than by a member's designation, the term "eligible dependent beneficiary" is broad enough to encompass designated dependent beneficiaries for Groups A, D, and F, as well as statutory dependent beneficiaries for Group C. Thus, the statutory scheme supports the conclusion that an "eligible dependent beneficiary" of a Group F member under § 465(e) is one who is designated by the member. Any other construction would be inconsistent with the rest of the statute.

¶ 21. Wife's proposed construction fails because it would essentially remove the term "designated" from the statute. This would contradict the Legislature's clear intent to require Group A, D, and F members to affirmatively select a beneficiary, which is evidenced by its decision to amend the statute in 2003 to add the word "designated" before "dependent beneficiary" throughout § 465(c) and (e). 2003, No. 122 (Adj. Sess.), § 297b-c. If § 465(e) provided a default retirement allowance to any eligible dependent beneficiary, it would render the designation requirement superfluous.

¶ 22. Wife's proposed construction would also render the term "dependent" superfluous in § 465(e). If, as in her view, "eligible" means a person whom the member could have selected as a beneficiary, dependent would be unnecessary. The modifier "dependent" already explains which persons are eligible to be designated as a beneficiary. We will not construe the statute in a manner that makes this language superfluous. See Mountain Top Inn & Resort, 2020 VT 57, ¶ 37.

¶ 23. Additionally, if we construed the statute the way wife proposes, the statute would provide no guidance as to how, absent a designated beneficiary, the Retirement Division should allocate the retirement allowance for Group A, D, and F members when multiple dependent beneficiaries exist, as in this case. The Legislature provided a statutory distribution structure for the retirement allowance for Group C members, who are not required (or allowed) to designate a dependent beneficiary. See 3 V.S.A. § 465(d). The statute does not contain a scheme for allocating the retirement allowance among dependents of Group A, D, and F members who fail to designate

a beneficiary. Instead, "[i]n the absence of a written designation of beneficiary," the statute provides an alternative to a retirement allowance, which is the return of a member's accumulated contributions with interest. 3 V.S.A. § 465(b). Since the Legislature did not provide for a retirement allowance for Group A, D, and F members in the absence of a designation, we decline to imply one. See Town of Milton Bd. of Health v. Brisson, 2016 VT 56, ¶ 24, 202 Vt. 121, 147 A.3d 990 ("Where the Legislature has demonstrated that it knows how to provide explicitly for the requested action, we are reluctant to imply such an action without legislative authority." (quotation omitted)).

¶ 24. Finally, Duhaime v. Treasurer does not convince us to adopt wife's proposed construction. That case involved a member's entitlement to retirement benefits, and we construed an ambiguous term in the retirement statute "liberally in favor of the beneficiaries." 161 Vt. at 160, 636 A.2d at 756. Here, by contrast, the statute is not ambiguous, and wife is neither a member nor a beneficiary of the system. Duhaime does not support the proposition that we should liberally construe an unambiguous statute to divert funds to a non-member or non-beneficiary. VSERS is required to administer the retirement plan for the exclusive benefit of members and their beneficiaries. 3 V.S.A. §§ 456, 472a. In carrying out this duty, VSERS must follow its members' instructions without substituting its own judgment. This means it must honor a member's decision not to designate a beneficiary. Because husband failed to designate a dependent beneficiary, we affirm the trial court's dismissal of wife's claims under 3 V.S.A. § 465.

## II. Common-law Claims

¶ 25. We next address wife's common-law claims, made in her representative capacity as administrator of husband's estate. She asserts claims for breach of contract, breach of fiduciary duty, and negligent misrepresentation, which the trial court dismissed for failure to state a claim under Rule 12(b)(6). As explained above, when reviewing the court's decision, we assume all facts pleaded in the complaint are true and make all reasonable inferences in wife's favor.

Montague, 2019 VT 16, ¶ 10. We will affirm the court's dismissal for failure to state a claim only if "it is beyond doubt that there exist no facts or circumstances" that entitle wife to relief. Id. (quotation omitted). We address each claim in turn and conclude that wife failed to state a claim under any theory asserted.[6]

## A. Breach of Contract

¶ 26. Wife argues that the State breached the covenant of good faith and fair dealing by not adequately disclosing to husband after his retirement allowance vested that he would forfeit his benefit if he did not designate a dependent beneficiary. She premises this claim on husband's employment contract with the State, which incorporates the VSERS retirement plan.

¶ 27. The covenant of good faith and fair dealing is implied in every contract and "serves to ensure that parties to a contract act with faithfulness to an agreed common purpose and consistency with the justified expectations of the other party." Sutton v. Vt. Reg'l Ctr., 2019 VT 71A, ¶ 62, __ Vt. __, 238 A.2d 608 (quotation omitted). "An underlying principle implied in every contract is that each party promises not to do anything to undermine or destroy the other's rights to receive the benefits of the agreement." Carmichael v. Adirondack Bottled Gas Corp. of Vt., 161 Vt. 200, 208, 635 A.3d 121, 1216 (1993).

¶ 28. There are no facts here tending to show that the State breached any agreement or acted in bad faith. The record reflects that husband received sufficient notice regarding his benefits. When he was first hired, he received a form to designate a beneficiary with the following instructions: "Please do not neglect this as your growing account could provide a very substantial survivorship protection. If you fail to designate a beneficiary, your retirement account would become part of your estate." Husband also received annual statements from VSERS reflecting that he was "fully vested" but had not designated a beneficiary and could expect $0.00 per month

---

[6] The State argues that sovereign immunity bars these claims. We do not address whether sovereign immunity applies in this instance because even if it did, wife's claims fail as a matter of law.

12

in a retirement allowance.[7]  The statements explained that in place of this benefit, his estate would receive a lump-sum payment of his accumulated contributions.  Through these communications, husband received clear notice of his available retirement allowance, the actions required to use it, and the consequences for failing to do so.

¶ 29.  Wife alleges no facts tending to show that the State interfered with husband's power to designate a beneficiary in any manner that might support a breach of the covenant of good faith and fair dealing.  Husband simply failed to designate a beneficiary, and the State acted in accordance with § 465 by returning his accumulated contributions plus interest to his estate. Accordingly, we affirm the trial court's dismissal of wife's breach-of-contract claim.

## B.  Breach of Fiduciary Duty

¶ 30.  Wife next argues that the State, acting through VSERS, breached its fiduciary duty by failing to inform husband after his retirement allowance vested that he would forfeit the benefit if he did not designate a dependent beneficiary.  She derives this claim from the Restatement

---

[7]  Wife alleges that the trial court erred by relying on this annual statement.  She asserts that it was an external document filed by the State with its motion to dismiss, and thus was improperly considered on a motion to dismiss.  See V.R.C.P. 12(b) (providing that if the court considers matters outside the pleadings on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the motion must be treated as one for summary judgment under Rule 56).

However, wife referenced the statement in her complaint and included a portion of the statement in Exhibit 1 to the Amended Complaint.  Vermont Rule of Civil Procedure 10(c) instructs courts to treat an exhibit to a pleading as "a part thereof for all purposes."  The State attached the statement in its entirety to its motion "to allow the court to see the statements relied on by appellants in the Amended Complaint in their original form."  Further, wife conceded at oral argument that the complaint and its attached exhibits comprised all of the representations that the State made and that there was no additional evidence that she planned to present to support her claims.  Accordingly, it was proper for the trial court to rely on this statement in a motion to dismiss on the pleadings.  See Kaplan v. Morgan Stanley & Co., Inc., 2009 VT 78, ¶ 10 n.4, 186 Vt. 605, 987 A.2d 258 (mem.) (explaining that trial court could properly rely on summary plan description even though full text was not attached to complaint because "when the complaint relies upon a document, [it] merges into the pleadings and the court may properly consider it under a Rule 12(b)(6) motion to dismiss" without converting the motion into one for summary judgment (quotation omitted) (alteration omitted)).

(Third) of Trusts § 82, which provides that trustees must "inform beneficiaries of significant changes in their beneficiary status."

¶ 31. The trial court determined that § 82 does not apply to wife or husband's estate in this instance because it "relates to obligations to beneficiaries after their status as beneficiaries has been established, and neither [wife] nor the Estate can claim status as a beneficiary." The retirement statute defines "beneficiary" as "any person in receipt of a pension, an annuity, a retirement allowance, or other benefit as provided by this subchapter." 3 V.S.A. § 455(a)(5). Neither wife nor husband's estate was a beneficiary of VSERS during husband's life, so we agree with the trial court that wife has not established a claim for breach of fiduciary duty. However, because wife's claim is premised on actions or omissions that occurred during husband's life, we consider whether wife has stated a claim that VSERS owed a duty to husband and that its conduct breached that duty.

¶ 32. Chapter 16 of Title 3 establishes VSERS as a trust that owes a fiduciary duty to its members and their beneficiaries. See 3 V.S.A. § 456 (providing that all VSERS property is "held in trust for the purpose for which received"); id. § 471(a) (vesting responsibility for administration and operation of VSERS "in a board of eight trustees, known as the Retirement Board"); id. § 472a(b) (prohibiting use of fund for any "purposes other than the exclusive benefit of members and their beneficiaries"). The VSERS Standards of Conduct also outlines this trust relationship:

> The Boards of Trustees of [VSERS is] entrusted with the investment of public pension funds of the retirement System[] and [is] obligated to safeguard the funds for the benefit of members and beneficiaries. The Trustees are obligated to administer the System[] efficiently and effectively in the interest of the plans' members and beneficiaries so as to avoid waste, mismanagement, abuse, and misuse of influence. The Trustees of [this] public pension System[] have a duty to administer and provide benefits in a responsible manner without causing an undue burden on their members or Vermont taxpayers.

Standards of Conduct § 1(A), Code of Vt. Rules 03 030 004, http://www.lexisnexis.com/hottopics/codeofvtrules.

14

¶ 33. Accordingly, during his life, VSERS owed a fiduciary duty to husband as a member of the system. Vermont's survival statute includes claims for breach of fiduciary duty. Estate of Kuhling v. Glaze, 2018 VT 75, ¶ 15, 208 Vt. 273, 196 A.3d 1125. Wife, as executor of husband's estate, can assert husband's claim against the State for breach of fiduciary duty. See id.

¶ 34. The next question is whether wife has stated a claim for breach of fiduciary duty by alleging that VSERS failed to tell husband that his retirement allowance had vested and that he would forfeit the benefit if he did not designate a beneficiary. Other states have held that state retirement boards have the duty to "provide retirees sufficient information to make an informed decision in electing a retirement option." Honda v. Bd. of Trs. of the Emps.' Ret. Sys. of the State, 118 P.3d 1155, 1164 (Haw. 2005); Ricks v. Mo. Local Gov't Emps.' Ret. Sys., 981 S.W.2d 585, 592 (Mo. Ct. App. 1998). Courts have found a breach of this duty when the retirement board provided "insufficient and seemingly inconsistent information" containing "technical terms that were not defined or explained" regarding benefit options. Honda, 118 P.3d at 1165. If the retirement board provided clear information, however, the board "is not required to give advice on which option to choose." Ricks, 981 S.W.2d at 592.

¶ 35. We find the analysis in Honda and Ricks persuasive in concluding that wife has failed to state a claim for breach of fiduciary duty here. Wife has failed to allege facts demonstrating that VSERS did not provide clear and comprehensive information to husband regarding his retirement allowance. Upon husband's hiring, VSERS provided him a form to designate a beneficiary and warned him that if he neglected to fill out the form, "your growing account could provide a very substantial survivorship protection. If you fail to designate a beneficiary, your retirement account would become part of your estate." More importantly, husband received statements each year explaining that his estate was listed as a beneficiary by default because he had not named one, that his beneficiary could expect "$0.00 a month for life payable from the System" in a retirement allowance, and that, in the place of this benefit, his

15

beneficiary "would receive a lump-sum payment of your accumulated contributions." Wife alleges no facts suggesting that the information provided by VSERS misled or confused husband. Because husband never selected a dependent beneficiary, VSERS properly administered his benefits based on the information in the system. It was not required to advise him further about the wisdom of failing to make a beneficiary designation.[8] Accordingly, we affirm the trial court's decision dismissing wife's claim for breach of fiduciary duty.

### C. Negligent Misrepresentation

¶ 36. Wife argues that the State negligently mispresented to husband the consequences of his failure to designate a dependent beneficiary. She contends that the State provided misleading information regarding beneficiaries. Because we hold that wife has failed to allege facts demonstrating that the State did not provide sufficient information to husband regarding his benefits and the consequence of his failure to select a beneficiary, this claim likewise fails.

¶ 37. The Restatement of Torts explains liability for negligent misrepresentation as follows:

> One who, in the course of his business, profession, or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

---

[8] This conclusion is consistent with cases analyzing fiduciary duties under the Employment Retirement Income Security Act (ERISA). ERISA applies to private retirement plans and does not govern VSERS, but ERISA codifies common-law trust principles. See Firestone Tire & Rubber Co v. Bruch, 489 U.S. 101, 110 (1989) ("ERISA's legislative history confirms that the Act's fiduciary responsibility provisions . . . codify and make applicable to ERISA fiduciaries certain principles developed in the evolution of the law of trusts." (quotation omitted) (alterations omitted)). ERISA creates a right of action for breach-of-fiduciary-duty claims, 29 U.S.C. § 1109, and "the duties of plan administrators go beyond those specified in the statute, and include duties derived from common law trust principles," Stahl v. Tony's Bldg. Materials, Inc., 875 F.2d 1404, 1409 (9th Cir. 1989). Thus, we find it instructive that "[t]he great majority of courts . . . have not imposed upon an ERISA plan fiduciary the duty individually to notify participants and/or beneficiaries of the specific impact of the general terms of the plan upon them." Maxa v. John Alden Life Ins. Co., 972 F.2d 980, 985 (8th Cir. 1992).

Glassford v. Dufresne & Assocs., P.C., 2015 VT 77, ¶ 13, 199 Vt. 422, 124 A.3d 822 (adopting § 522 of the Restatement (Second) of Torts). Here, there are no facts showing that the State provided any false or misleading information. The information provided to husband explained that he needed to designate a beneficiary to receive a retirement allowance. His annual statements reflected that he had not designated any beneficiary, and accordingly would receive $0.00 in retirement allowance. These communications are neither false nor misleading and cannot support a claim for negligent misrepresentation. For this reason, we affirm the trial court's dismissal of wife's claim.

Affirmed.

FOR THE COURT:

_____
Associate Justice

¶ 38.    **REIBER, C.J., dissenting.**   I agree that wife's claims under 3 V.S.A. § 465 and for breach of contract and negligent misrepresentation were appropriately dismissed. Taking the allegations in the complaint in the light most favorable to wife and drawing all reasonable inferences from those allegations, however, I conclude that she has stated a claim for breach of fiduciary duty. I would reverse the trial court's order dismissing wife's claim under this theory and remand the matter for further proceedings; therefore, I respectfully dissent.

¶ 39.    The majority should reach this conclusion on the procedural posture of this case. Vermont has an "extremely liberal notice-pleading standard." Mahoney v. Tara, LLC, 2014 VT 90, ¶ 15, 197 Vt. 412, 107 A.3d 887. To state a claim, a plaintiff need only provide "a bare bones statement that merely provides the defendant with notice of the claims against it." Colby v. Umbrella, Inc., 2008 VT 20, ¶ 13, 184 Vt. 1, 955 A.2d 1082; see also V.R.C.P. 8 (requiring that claims contain "a short and plain statement of the claim showing" entitlement to relief and "a demand for judgment"). A court should dismiss a claim only when "it appears beyond doubt that

17

there exist no facts or circumstances that would entitle the plaintiff to relief." Colby, 2008 VT 20, ¶ 5 (quotation omitted). As such, "[m]otions to dismiss for failure to state a claim are disfavored and are rarely granted." Id.

¶ 40. In upholding the State's motion to dismiss, the majority concludes that wife failed to state a claim for breach of fiduciary duty because she failed to allege facts showing that VSERS did not provide clear and comprehensive information to husband regarding his retirement allowance. I disagree. One of the cases relied upon by the majority in articulating VSERS' duty supports my position. There the Hawaii Supreme Court concluded that the state Employees' Retirement System failed to provide sufficient information to allow employees to make an informed choice regarding their retirement options. Honda v. Bd. of Trs. of the Emps.' Ret. Sys. of the State, 118 P.3d 1155, 1164-65 (Haw. 2005). The court explained that to provide sufficient information and meet its fiduciary duty, the Employees' Retirement System Board must provide retirement materials that convey "a lucid description of the retirement options and the consequences of each choice," written in " 'user-friendly,' everyday language" such that it is "comprehensible to the ordinary person." Id. at 1165. Based on two communications from VSERS to husband attached to wife's complaint, wife has sufficiently pled, for purposes of Rule 8, that VSERS failed to meet the Honda standard here as a matter of law.

¶ 41. On their face, the communications from the State were disputably not lucid, clear, or written in user-friendly language comprehensible to the ordinary person. First, husband's certificate of membership provides: "A form is enclosed for you to designate the beneficiary of your retirement account. Please do not neglect this as your growing account could provide a very substantial survivorship protection. If you fail to designate a beneficiary, your retirement account would become part of your estate." The majority concludes that this language is clear. However, the certificate does not explain what it means for a member's retirement account to become part of the member's estate, or how that outcome relates to the "substantial survivorship protection"

18

that it referenced. As such, this language arguably fails to communicate the consequence of the choice not to designate a beneficiary: the member forfeits—that is, waives and loses—the retirement allowance, and the member's estate receives only his or her accumulated contributions instead. Without this understanding of the difference, how could a member make an informed choice about the benefit? See Honda, 118 P.3d at 1164-65 (recognizing fiduciary duty of retirement board to "provide retirees sufficient information to make an informed decision in electing a retirement option").

¶ 42. Next, husband's annual statement, under the "Retirement" section, says that husband is "fully vested in this pension." In the section briefly explaining the benefits, the statement explains that "[v]esting occurs after you have earned five (5) years of creditable service in the System." However, there is no comparable information regarding vesting of the retirement allowance. The retirement statute provides that this benefit vests after ten years of service for Group F members, 3 V.S.A. § 465(c), but the statement makes no mention of this vesting period and does not say whether the member's retirement allowance has vested, as it does for the pension benefit. Even though husband's statement reflected that his designated beneficiary would receive $0.00 per month for this benefit, this information lacks context without corresponding vesting information and an explanation of how that affects the benefit that will be paid out.

¶ 43. Based on this record attached to the complaint supporting her claims, wife has sufficiently alleged that VSERS failed to provide husband sufficient information to allow him to make an informed decision. See Colby, 2008 VT 20, ¶ 5 (explaining that dismissal is only appropriate when "it appears beyond doubt that there exist no circumstances or facts that would entitle the plaintiff to relief" (quotation omitted)).

¶ 44. The ambiguous language in 3 V.S.A. § 465(e) reinforces this conclusion. The Legislature amended § 465 in 2004 and added "designated" before "dependent beneficiary" throughout § 465(c) and (e)—except in the last sentence of § 465(e), where the statute references

an "eligible dependent beneficiary." 2003, No. 122 (Adj. Sess.), § 297(b)-(c). To determine the intent of the Legislature, we look first to the plain meaning of the statutory language. Northfield Sch. Bd. v. Wash. S. Educ. Ass'n, 2019 VT 26, ¶ 13, 210 Vt. 15, 210 A.3d 460. As the majority acknowledges, we presume that the Legislature chooses statutory language advisedly; therefore, we assume different words generally carry different meanings. Vt. Nat'l Telephone Co. v. Dep't of Taxes, 2020 VT 83, ¶¶ 26-27, __ Vt. __, __ A.3d __. Accordingly, the plain language of § 465 suggests that the phrases "designated dependent beneficiary" and "eligible dependent beneficiary" convey different meanings.

¶ 45. The majority explains that the terms differ because the overall structure of § 465 indicates that the last sentence of § 465(e) applies to Group C members. However, neither the plain language nor the structure of the statute compels this conclusion. The majority notes that § 465(e) "provides generically, without limitation to any particular group, that if the member dies without an 'eligible dependent beneficiary,' the member's accumulated contributions are payable in accordance with § 465(b)." Ante, ¶ 20. But the first sentence of § 465(e) appears to limit this subsection to members of Groups A, D, and F. There is no indication, aside from the lack of reference to any particular group, that the following sentences in § 465(e) apply to Group C members. Indeed, the structure of the statute appears to separate provisions applying to Group A, D, and F members from provisions applying to Group C members. Generally, § 465(c) and (e) provide and calculate the retirement allowance for the designated dependent beneficiary of a Group A, D, or F member, and § 465(d) and (f) provide and calculate the retirement allowance for the statutorily designated beneficiaries of a Group C member.

¶ 46. The Legislature could have intended the generic reference to a "member" in the last sentence of § 465(e) to refer to the same Group A, D, or F member specified in the preceding sentence of the subsection, or it could have intended "a member" to include Group C members as the majority concludes. In fact, I agree with the majority that wife's proposed interpretation would

20

be inconsistent with the rest of the statute. See ante, ¶¶ 21-23. But this conclusion is not obvious from the plain language of the statute; members and beneficiaries of the retirement system would benefit from greater clarity in this regard. As either interpretation is plausible, the statute is, at best, ambiguous. See Shires Hous., Inc. v. Brown, 2017 VT 60, ¶ 14, 205 Vt. 186, 172 A.3d 1215 (concluding that statute is ambiguous when it is "susceptible to more than one interpretation"). This ambiguity, coupled with the alleged deficiencies in VSERS' communications, is sufficient to create confusion and lead husband to mistakenly believe that either wife or his estate would receive the retirement allowance.

¶ 47. The majority contends that wife alleged no facts suggesting that husband was actually confused or misled by the materials from VSERS. But wife alleged in her complaint that husband was devoted to his family members and concerned with their welfare and intended that they receive this benefit. The State points to no facts tending to show otherwise. Moreover, a member receives no financial benefit by not designating a beneficiary; the result is that the member's accumulated contributions are returned to their estate and the retirement allowance is forfeited. 3 V.S.A. § 465(e). There was certainly no advantage here, where wife inherits husband's estate as the surviving spouse, because if husband had designated her as his beneficiary and she received the monthly retirement allowance, the financial benefit to her would have been much greater. Wife's complaint thus supports the inference that husband intended to designate wife as his dependent beneficiary but was misled or confused by the information provided by VSERS. See Montague v. Hundred Acre Homestead, LLC, 2019 VT 16, ¶ 10, 209 Vt. 514, 208 A.3d 609 ("On a motion to dismiss, the court must assume that the facts pleaded in the complaint are true and make all reasonable inferences in the plaintiff's favor."). Under our pleading standard, these allegations plausibly show that VSERS failed to convey this information in a clear and understandable way, and thus this claim should survive the State's motion to dismiss. See Boynton v. ClearChoiceMD, MSO, LLC, 2019 VT 49, ¶ 14, 210 Vt. 454, 216 A.3d 1243 (Robinson, J.,

dissenting) ("The requirement that a complaint provide 'fair notice of what the plaintiff's claim is and the grounds on which it rests' does not require plaintiffs to produce evidence supporting their claims, or even to provide a detailed description of the evidence that would support those claims." (quoting Reporter's Notes, V.R.C.P. 8)).

¶ 48.    This Court has never before considered VSERS' fiduciary duties to its members, and the novelty of this issue underscores my conclusion that wife has sufficiently stated a claim for relief.  Our precedent instructs us to be "particularly wary of dismissing novel legal claims because the legal theory of a case should be explored in light of the facts as developed by the evidence."  Montague, 2019 VT 16, ¶ 11.  But an analysis of the facts and the law cannot occur under the limited purpose of a motion to dismiss, which is "to test the law of the claim, not the facts which support it."  Powers v. Office of Child Support, 173 Vt. 390, 395, 795 A.2d 1259, 1263 (2002).  The majority's holding here hinges not on the existence of VSERS' duty to its members, but on whether the facts alleged support a claim for breach of that duty.  As such, I would hold that wife's pleading suffices to allow her to develop her proof.[9]

¶ 49.    I therefore respectfully dissent.

_____
Chief Justice

_____

[9]    At oral argument, wife agreed that her complaint included the "universe of representations" made by the State.  Regardless, the record suggests that additional evidence may be pertinent to this claim.  For example, husband's certificate of membership references an "enclosed general information handbook" that "explains all the benefits and forms of protection provided by the System."  Likewise, the only statement from VSERS attached to the complaint was husband's most recent statement in 2017.  When describing the annual statements that husband received from VSERS, wife's complaint mentions that the forms changed at some point.  This suggests that other evidence exists to support or refute this claim.