Filed 07/24/24

VERMONT SUPERIOR COURT
Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-02890

---

Erin Toupin v. James Royer

---

## ENTRY ORDER

Plaintiff Erin Toupin has tried multiple times to put together a complaint against James Royer concerning the 2021 purchase of a 2016 Dodge Caravan from Mr. Royer, which was financed through Lentegrity, a California-based auto finance company that is not a party to the present litigation. The most recent Entry Order from the Court, issued on April 4, 2024, attempted to summarize the factual claims and allegations from Ms. Toupin's prior filings. By the Court's allowance, Ms. Toupin has more recently re-filed two lengthy summaries in the form of e-mails to the Court in an effort to clarify her claims and address the issues that the Court raised in the April 4th Entry Order. Unfortunately, Ms. Toupin's most recent filings do not clarify the issues or offer any further insight regarding her claims.

The primary problem is that there are multiple facts that Ms. Toupin has alleged, which seem to go in very different directions. For example, Ms. Toupin has repeated several times that her friend, Carol Derosier traded-in her 2016 Nissan Rogue to Mr. Royer at the same time that Ms. Toupin was trying to purchase her minivan. It is not clear why Ms. Derosier's trade-in is relevant to the present claim given that Ms. Derosier is not a party, and her transaction was not part of Ms. Toupin's purchase.

Similarly, Ms. Toupin cites to the fact that she attempted to use her 2018 Jeep Renegade as collateral for the Grand Caravan, but this could not happen because another person was listed as a co-owner and did not consent to using the Jeep as collateral. As a result, the Jeep was never traded-in, and as Ms. Toupin reported to the Court on June 20, 2024, there is no active lien on the Jeep—despite her promise to put it forward as collateral. While this raises additional questions, it does not explain what claims she might have against Royer since the failure of the lien on the Jeep appears to have been as a result of her misrepresentations and was ultimately resolved in her favor.

Looking at the filings, Ms. Toupin's claims appear to involve her purchase of a 2016 Grand Caravan minivan in 2021. The original sale envisioned a trade-in of Ms. Toupin's 2018 Jeep

Renegade and monthly payments of approximately $335 toward $13,000 sales price. While there appears to be some discrepancies in what price she paid and in what price was reported to the State of Vermont, Ms. Toupin does not allege that she was charged more than she agreed to pay or that the resulting difference caused her any particular harm.

As noted, the Jeep was never included in the sale, which nevertheless went through and ended with Ms. Toupin borrowing the purchase price from Lentegrity in September 2021 and taking possession of the minivan at that time.

Ms. Toupin states that she still owns and has possession of the minivan. She has also stated that she has stopped making payments to Lentegrity. She claims that after taking possession of the minivan, it began having mechanical issues. The problem is that these mechanical issues, from Ms. Toupin's own statements, began in June 2022. This was nearly nine months after Ms. Toupin's purchase of the car. At that time, Ms. Toupin claims that she became aware of an oil leak and a transmission leak. It is unclear from Ms. Toupin's statements whether these leaks rendered the minivan worthless or simply lowered the value. It is also unclear what the nature and extent of these issues are. It is also unclear whether they existed in September 2021 when Ms. Toupin purchased the minivan from Royer. It is also unclear what role Mr. Royer is alleged to have had in either causing, hiding, or failing to disclose these issues.

Ms. Toupin alleges there are other mechanical issues with the minivan, and she has stated that she cannot drive it, but there is no allegation that either Royer caused or knew about these issues at the time of the sale, or that he offered any guarantees on the condition of the car either in writing or orally.

Ms. Toupin wants $10,000 from Mr. Royer, but there is no explanation for why she wants this amount, and it appears to be contradicted by another statement that Ms. Toupin makes claiming that she has only paid $5,513.84 for the car.

Ms. Toupin uses the word fraud extensively throughout her filings, but the Court has found no evidence, or even any specific allegations, that would support a claim of fraud. It has not been alleged that Mr. Royer knew or should have known about the car's defects, and it is unclear what the true value of the car is.[1] Ms. Toupin still owns and controls the minivan, and she has stopped making

_____

[1] Ms. Toupin states in her most recent filing that in February of 2023 "James Royer Auto Sale never put the vehicle on a lift. Knew all the problems." It is not clear if this is an allegation about Royer's knowledge before the September 2021 sale, or how Royer would know about the defects if he "never put the vehicle on a lift." It is not clear if this information came from the person in in the proceeding sentence who is identified as "the guy at the garage next door" or is

payments to Lentegrity. It is not clear what she has paid, whether her payments exceed the value of what she has, and what the condition of the minivan is or was at the time of purchase.

The Court has provided Ms. Toupin with multiple opportunities to draft a complaint in this matter that complies with Rule 8(a) of the Vermont Rules of Civil Procedure. To date, the Court remains unclear what the nature of Ms. Toupin's claims and allegations are against Mr. Royer. While the Court must be flexible with the application of the Rules of Civil Procedure when dealing with self-represented litigants, it cannot suspend the rules entirely, and they must, ultimately, be applied. *Zorn v. Smith*, 2011 VT 10, ¶ 22.

Rule 8 of the Vermont Rules of Civil Procedure require that the plaintiff in a case provide: "a short and plain statement of the claim showing that the pleader is entitled to relief, and . . . a demand for judgment for the relief that the pleader seeks." V.R.C.P. 8(a).

While Ms. Toupin strongly believes that she was treated wrongly by Mr. Royer, she has not stated a specific claim against Mr. Royer that would put him on notice of what he is alleged to have done wrong and why she is entitled to the damages that she seeks.

The Court has given Ms. Toupin multiple chances to draft a coherent complaint and has sought in multiple hearings to see if she can articulate a claims and basis for the damages that she seeks. Each of these efforts has, unfortunately, been unsuccessful.

There must be finality to Court process. For the past year, Ms. Toupin has sought to make a claim against Mr. Royer and has not been able to do so. The Court has given her repeated chances, but now the time is over, and the Court rules as follows.

## **ORDER**

Based on the lack of compliance with V.R.C.P. 8, and the failure to make a claim and prayer for relief that follows even the basic format of pleading in Vermont, the Court **dismisses** the present

---

attributable to Jason Sanville who worked on the vehicle after the sale and is mentioned in the sentences following the quoted allegation. It is also possible that this allegation is Ms. Toupin's own statement. Regardless of the source, there is nothing that ties this statement to a particular source or anchored to a particular moment in the history of this transaction. The statement sits alone as a bald conclusory assertion, which the Court need not accept. *Bock v. Gold*, 2008 VT 81, ¶ 15 ("By refusing to accept 'bald assertions, unsupportable conclusions, and opprobrious epithets,' the Court is not applying a heightened pleading standard; it is merely adhering to the notice pleading requirements set forth in Rule 8(a).") (Skoglund, J. concurring).

matter under V.R.C.P. 12(b)(6) for failure to state a claim. *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 13; *Baldauf v. Vermont State Treasurer*, 2021 VT 29, ¶ 8.

Plaintiff's motion to amend is **Denied.** The present matter is **Dismissed.**

Plaintiff Toupin is further instructed that she may not file additional drafts or communications in this matter with the Court. While she may appeal this decision as a final judgment of the Superior Court, any further filings attempting to revive, revise, re-state, or augment the present action and claims that have been dismissed will be summarily denied by the Court Clerk without further hearing.

Electronically signed on 7/23/2024 6:03 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge